United States District Court
For the Southern District of West Virginia

Curtis E. Crawford, Reg. 10620-007
Beckley FCI
P.O. Box 350
Beaver, WV 25813,
    Plaintiff,



v.

Civil Action No. 5:05-1143

Charles T. Felts, Warden
Beckley FCI
P.O. Box 350
Beaver, W.V. 25813

Sue Engel, Associate Warden
Beckley FCI
P.O. Box 350
Beaver, W.V. 25813

Michael Snow, Unit Manager
Beckley FCI
P.O. Box 350
Beaver, W.V. 25813,
    Defendants

All Sue in Personal and Professional Capacity

Complaint

I, Plaintiff Curtis E. Crawford, do state that Defendent(s) Felts, Engel, and Snow did act individually and collectively to deprive the Plaintiff Crawford his Constitutional and Civil Rights while acting under color of Government.

The Plaintiff has Exhausted his Administrative Remedy through Filing Number's: 390184-A1, 3933-49-A1, 393353-A1, 390182-A1, in accordance with 28. U.S.C. § 1915

On October 3, 2005 until October 21, 2005 Unit Manager Snow, denyed Plaintiff Postage for Legal mailing although the Plaintiff was entitled and stated in Program Statement. Unit Manager Snow informed

3.

Plaintiff and other inmates that they had to "wait (6) six months" in indigent status to receive corner radio and postage stamps.

When Plaintiff complained about Unit Manager Snow to Warden Felt and Associate Warden Engel, Nothing was done to correct this obvious violation of Program Statement Numbers.... Therein acting in Cahoots.

On October 10, 2005 Unit Manager Snow instructed Correctional Counselor T. Printer to not give myself any more "Informal Resolution Forms" to file Administrative Remedy. This action violated my Constitutional Rights and Federal Law under 42 U.S.C. § 1983 and 28 U.S.C. § 1915

Also Federal Bureau of Prison's Program Statement No. 1330.03. Hence from October 10, 2005 to November 29, 2005 the Plaintiff was denied assessment to the Administrative Remedy Process by the Unit Manager Snow in Cahoot with Warden Felts and Associate Warden Engel. The Plaintiff presented problem to Warden Felts in person and through numerious cop-out as example by Exhibit #1.

The Plaintiff Crawford and several other inmates would submit Administrative Remedy, that were never logged nor answered. The Unit Manager Snow allowed staff to obstruct the Administrative Remedy Process to deny them their legal rights, and the Warden nor Associate Warden did

Nothing to correct this problem.

On October 11, 2005 Warden Fett and Associate Warden Engel were in the inmate Dinning Hall with Unit Manager Snow. The Plaintiff approached the (3) three and asked "Why am I being denied Postage for indigent legal mail after submitting numerious Requests." Unit Manager Snow replied in a loud tone "I run this unit, and you have to show me current Court Paper's." Plaintiff responded "Mr. Fett and Mr. Snow that is not what the Program Statement States." Unit Manager Snow state "I don't care what the Program Statement say, I run things the way I wants too and you'er going to have to wait until I decide to give them to you." Plaintiff stated "I need indigent Postage to file Administrative Remedy in time & manner." Unit Manager Snow stated "I don't give out Stamps for that."

6.

Warden Felt and Associate Warden Engel Allow Unit Manager Snow to implement and Advance his own Policy outside those approved by the Federal Bureau of Prison, and to adversely Affect the Plaintiff Curtis E. Crawford and violate his Constitutional Rights.

### Jury Trial Requested

Pursuant to 42 U.S.C. § 1983, the Plaintiff is requesting a Jury Trial, for the Fundamental Fairness and unbias judgment in case.

### Remedy Sought

1. Court order Compensatory damages from each Defendant in the amount of $5,000.00 Five Thousand dollars

2. Court order Punitive damages of $20,000.00 Twenty Thousand dollars

3. Court order directing Defendant's to Post Administrative Remedy Policy and indigent inmate Policy on All Bulletin Board

4. Courts Order Injunction and Restraining Order to direct and instruct Defendant's to Refrain from illegal conduct that deprive indigent inmate's Postage and other assistances.

5. Courts Order issued to the Director of the Federal Bureau of Prisons, directing that steps be Tooken to Ensure assessment to the Administrative Remedy System without Staff intervention be implements to Prevent a Reoccurrence of Plaintiff's Problem.

Respectfully Submitted,
/s/
Curtis E. Crawford

## Certification of Service

I Certify that under Penalty of Perjury, that I have Forwarded a True and Correct Copy to the Clerk on this 8th day of December, 2005 via Prison Mailing System. Pursuant to 28 U.S.C. § 1746.

Respectfully Submitted,
/s/
Curtis E. Crawford

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                                    FEDERAL BUREAU OF PRISONS

*Exhibit #1*

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| FROM: | REGISTER NO.: |
| WORK ASSIGNMENT: | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

(Do not write below this line)

DISPOSITION:

Signature Staff Member                                      Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                    This form replaces BP-148.070 dated Oct 86
                                                          and BP-S148.070 APR 94